```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA

                         Alexandria Division
```

```
_____
                               )
MAYFLOWER CONSTRUCTION,        )
INCORPORATED,                  )
                               )
            Plaintiff,         )
                               )
v.                             )   Civil Action No.   05-1250
                               )
LIBERTY MUTUAL INSURANCE COMPANY, )
et al.,                        )
                               )
            Defendants.        )
_____)
```

### ORDER

This matter comes before the Court on Defendant Costello Construction of Maryland, Incorporated's (Costello) Motion to Disqualify Quagliano & Seeger, P.C. (Q&S) for Violation of Rule 1.9 of the Virginia Rules of Professional Conduct.  Scott Hofer works for Q&S as an attorney.  Q&S represents Plaintiff in this action.  Hofer worked as an associate at the law firm of Huddles, Jones, Sorteberg & Dachille, P.C. (HJSD) from December 2002 through September 2005.  HJSD represents both Defendants in this action.  While at HJSD, Hofer worked on matters dealing with Costello and the project at issue in this litigation for approximately three hours.

According to Rule 1.9(a) of the Virginia Rules of Professional Conduct, "[a] lawyer who has formerly represented a

client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless both the present and former client consent after consultation." Va. Sup. Ct. R., Part 6, § II, R. 1.9(a). The two-pronged test to determine whether Rule 1.9(a) should be invoked requires a movant to show "that an attorney-client relationship existed between the alleged former client and ... that the former representation and the current controversy are substantially related." Tessier v. Plastic Surgery Specialists, Inc., 731 F.Supp. 724, 730 (E.D. Va. 1990); see also Allegaert v. Perot, 565 F.2d 246, 250 (2d Cir. 1977).

There is no dispute that Hofer represented Costello when he worked at HJSD. The dispute lies in the question of whether the work he performed at HJSD is substantially related to the issues raised in this case. The Court finds that Hofer's previous work for Costello at HJSD does not substantially relate to the matters before the Court in the present case because the previous work dealt with menial tasks and involved the pre-bid process as opposed to the current issue with the actual project contract. Thus, the Court does not need to disqualify him or Q&S from this case, and it is hereby

2

ORDERED that Defendant Costello's motion is DENIED and Q&S may continue to represent Plaintiff.

```
                                        /s/
                              _____
                              CLAUDE M. HILTON
                              UNITED STATES DISTRICT JUDGE
```

Alexandria, Virginia
June 9, 2006